**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**ASHLAND DIVISION**

| | | |
|---|---|---|
| **TINA SUMAN** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **Case No. _____** |
| | ) | |
| | ) | |
| **KING'S DAUGHTERS HEALTH SYSTEM,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

**COMPLAINT**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Comes now the Plaintiff, Tina Suman, and for her Complaint against King's Daughters Health System, Inc. states as follows:

**PARTIES**

1.      The Plaintiff, Tina Suman, is domiciled in the Commonwealth of Kentucky, residing in Greenup County, Kentucky.

2.      The Defendant, King's Daughters Health System, Inc. ("King's Daughters"), is a hospital system with its principal office in the Commonwealth of Kentucky, located in Boyd County, Kentucky, and may be served via its registered agent, Sheryl Mahaney, Esq at 2201 Lexington Avenue, Ashland, KY 41101.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Plaintiff's claims under the Kentucky Wage and Hour Act, KRS Chapter 337, pursuant to 28 U.S.C. § 1367, in that the claims made under state law are part of the same case or controversy as Plaintiff's claims made under 29 U.S.C. § 216.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant is located within the Eastern District of Kentucky and the events giving rise to the claims occurred substantially within the Eastern District of Kentucky.

## UNDERLYING FACTS

6. At all times relevant to this Complaint, Plaintiff Tina Suman ("Suman") was and remains to be employed by Defendant King's Daughters in the position of Urgent Care Coordinator Lead ("UCC Lead").

7. Plaintiff Suman was classified as a non-exempt, hourly employee during her employment with Defendant.

8. Throughout her employment with Defendant, Plaintiff worked regular, in-office hours, which totaled at least forty (40) per workweek.

9. In addition to these hours, Plaintiff Suman, with Defendant's knowledge, was required to rotate on-call shifts with other UCC Leads, engaging her to be available for work on weeknights and several weekends.

10. When engaged to be on-call, Plaintiff Suman was required to respond to numerous telephone calls, text messages, and emails relating to her job duties. Suman was also often required to report to work on location during these on-call shifts as a part of her job duties.

11.    In addition to her regular hours and on-call duties, Plaintiff Suman, with Defendant's knowledge, was regularly required to respond to numerous additional telephone calls, text messages, and emails during evenings and weekends.  For example, on Tuesday, October 18, 2016 Plaintiff Suman was required to respond to four (4) telephone calls and fifty-five (55) text messages approximately between the hours of 3:00 P.M. and 10:00 P.M., all occurring after her regularly scheduled, in-office shift.

12.    Plaintiff Suman was not compensated for the additional work time suffered as alleged in Paragraphs 9-11, inclusive.

13.    In approximately February 2018, Plaintiff Suman contacted Kelly Hurt, Defendant's Vice President of Human Resources, concerning the nonpayment of wages for work suffered as alleged in Paragraphs 9-11, inclusive.

14.    During the conversation referenced in Paragraph 13, Ms. Hurt acknowledged that Plaintiff Suman was owed wages for her additional work time.

15.    Since this conversation, Defendant has continued to engage Plaintiff Suman for on-call duty and has continued to require Plaintiff Suman to respond to additional telephone calls, text messages, and emails without compensation.

### COUNT I:

### VIOLATION OF FAIR LABOR STANDARDS ACT

16.    Plaintiff incorporates and reiterates the allegations contained in Paragraphs 1-15, inclusive, as if set forth at length herein.

17.    This is an action pursuant to 29 U.S.C. § 216(b) for unpaid overtime wages as defined in 29 U.S.C. §207(a).

18.   Plaintiff Suman regularly performed work for Defendant King's Daughters in excess of forty (40) total hours in a workweek.

19.   Plaintiff Suman did not receive wages at one and one-half times her regular rate of pay for these additional, overtime hours.

20.   Defendant failed to make, keep, and preserve records of Plaintiff Suman's additional work time described herein pursuant to 29 U.S.C. § 211(c).

21.   Defendant's past and continuing nonpayment of wages to Plaintiff Suman is a willful act as contemplated by 29 U.S.C. § 255(a), as evidenced, without limitation, by Defendant's acknowledgement of nonpayment of wages owed to Plaintiff Suman.

22.   Defendant's past and continuing nonpayment of wages to Plaintiff Suman was not in good faith, nor can it demonstrate that it had reasonable grounds for believing its act was not in violation of the FLSA, as evidenced, without limitation, by Defendant's acknowledgement of nonpayment of wages owed to Plaintiff Suman.

## COUNT II

## VIOLATION OF KENTUCKY WAGE AND HOUR ACT

23.   Plaintiff incorporates and reiterates the allegations contained in Paragraphs 1-22, inclusive, as if set forth at length herein.

24.   This is an action pursuant to KRS 337.020 for unpaid wages, including, without limitation, compensation and other employment benefits, as defined under KRS 337.010.

25.   Defendant King's Daughters is an employer covered by KRS Chapter 337.

26.   Plaintiff Suman is an employee covered by KRS Chapter 337.

27.   Plaintiff Suman, with Defendant's knowledge, regularly performed and continues to perform work in addition to her regular, in-office time for Defendant.

28.  Regarding the work time alleged in Paragraph 25, portions constitute hours worked over forty (40) in a given workweek, and Plaintiff Suman is entitled to pay at one and one-half times her regular rate of pay pursuant to KRS 337.285.

29.  Regarding the work time alleged in Paragraph 25, portions constitute hours worked on the seventh day of the week, and Plaintiff Suman is entitled to pay at one and one-half times her regular rate of pay pursuant to KRS 337.050.

30.  While Plaintiff was off work, including vacation days, Plaintiff was required to respond to telephone calls, text messages, and emails, for which Plaintiff is entitled payment of her applicable rate of pay.

31.  Plaintiff Suman was not compensated for this work performed in addition to her regular, in-office time.

32.  Defendant King's Daughters did not keep records as required by KRS 337.320 of additional hours worked by Plaintiff Suman.

33.   Defendant's past and continuing nonpayment of wages to Plaintiff Suman is a willful act, as evidenced, without limitation, by Defendant's acknowledgement of nonpayment of wages owed to Plaintiff Suman.

34.  Defendant's past and continuing nonpayment of wages to Plaintiff Suman was not in good faith, nor can it demonstrate that it had reasonable grounds for believing its act was not in violation of the Kentucky Wage and Hour Act, as evidenced, without limitation, by Defendant's acknowledgement of nonpayment of wages owed to Plaintiff Suman.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Tina Suman hereby demands judgment against the Defendant, King's Daughters Health System, Inc. for violation of her rights pursuant to the Fair Labor Standards Act on Count I and violation of the Kentucky Wage and Hour Act on Count II as follows:

    (a) a trial by jury;

    (b) compensatory damages, including, without limitation, past and present regular and overtime wages due pursuant to 29 U.S.C. § 216 and KRS Chapter 337.

    (c) liquidated damages in an amount equal to the compensatory damages pursuant to 29 U.S.C. § 216 and 29 U.S.C. § 260 and KRS 337.385;

    (d) reasonable attorney's fees, reasonable expert witness fees, and other costs of the action pursuant to 29 U.S.C. § 216 and KRS 337.385;

    (e) interest calculated at the prevailing rate;

    (f) equitable relief by this Court as may be appropriate; and

    (g) any and all other relief to which she may be entitled, including, without limitation, damages for emotional distress.

Respectfully submitted,

ROBERT ROARK, PLLC

___/s/ Robert L. Roark_____

Robert L. Roark, Esq.
John L. Bishop, Esq.
401 Lewis Hargett Circle, Suite 210
Lexington, Kentucky 40503
Telephone: 859-203-2430
Facsimile: 859-523-6351
Rob@robertroarklaw.com

E. DOUGLAS RICHARDS, P.S.C.
E. Douglas Richards, Esq.
836 Euclid Ave., Ste. 321
Lexington, KY 40502
Telephone: 859-259-4983

COUNSEL FOR PLAINTIFF