UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

TINA SUMAN, )
JESSICA WILSON )
 )
        PLAINTIFFS )
 )
v. ) Case No. 0:18-cv-44
 )
 )
KING'S DAUGHTERS HEALTH SYSTEM, )
INC., )
 )
        DEFENDANT )

### JOINT SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is made and entered into by and between Plaintiffs Tina Suman and Jessica Wilson ("Plaintiffs"), incorporated herein by reference, and Defendant, Ashland Hospital Corporation, d/b/a King's Daughters Medical Center ("KDMC"), (identified in the pleadings as King's Daughters Health System, Inc). This Agreement shall become effective upon entry of a final, non-appealable Stipulated Judgment approving this Agreement by the U.S. District Court for the Eastern District of Kentucky in the matter of *Tina Suman, et al. v. King's Daughters Health System, Inc.*, Case No. 0:18-cv-44 (hereinafter the "Pending Litigation").

### RECITALS

WHEREAS, Plaintiffs are employees of KDMC; and

WHEREAS, on April 9, 2018, Tina Suman filed the Pending Litigation, asserting that King's Daughters violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 and 29 U.S.C. § 260, as well as the Kentucky Wages and Hours Act ("KWHA"), KRS Chapter 337, for unpaid regular and overtime wages for work performed off the clock. A First Amended Complaint was filed on April 10, 2018.

WHEREAS, on September 21, 2018, Tina Suman filed the Plaintiff's Second Amended Complaint and Intervening Complaint ("Second Amended Complaint"), in the Pending Litigation. The Second Amended Complaint asserted that KDMC also violated the FLSA prohibiting retaliation, pursuant to 29 U.S.C. § 215(a)(3), and introduced Plaintiff Jessica Wilson's Intervening Complaint. Jessica Wilson joined the Pending Litigation also asserting that KDMC had violated 29 U.S.C. § 216 and 29 U.S.C. § 260, as well as the Kentucky Wages and Hours Act ("KWHA"), KRS Chapter 337, for unpaid regular and overtime wages from work performed off the clock.

1



WHEREAS, in the Pending Litigation the Plaintiffs seek damages in the form of unpaid wages and corresponding liquidated damages, attorneys' fees and costs, and equitable relief from KDMC for allegedly: failing to pay regular and overtime wages; failing to make, keep, and preserve records of Plaintiffs' regular and overtime work off the clock; and retaliation against Plaintiff Tina Suman in response to her filing of this Pending Litigation (Plaintiff Tina Suman's individual retaliation claim is excluded from this agreement and subject to a separate confidential settlement agreement with KDMC resolving same.).

WHEREAS, Defendant KDMC disputes each of the Plaintiffs' claims, and denies any liability whatsoever; and

WHEREAS, the Parties have been negotiating in good faith, at arms-length through their counsel, and seek to avoid additional expense and time of further litigation proceedings regarding the claims released by this Agreement, to resolve all those claims by this Agreement, and that this Agreement adequately resolves the remaining wage and hour claims disputed by the Parties.

NOW THEREFORE, in consideration of the mutual covenants and agreements contained in this Agreement, and for good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties covenant and agree as follows:

## AGREEMENT

1. **Definitions.** As used herein,

    1.1 **"Released Parties"** shall mean and refer collectively to KDMC, its past and present owners, parents, subsidiaries, partners, agents, employees, successors, predecessors, assigns, insurers, representatives, and attorneys, and all other persons acting by, through, under or in concert with it, as well as any other natural person or entity which may be construed as an "employer" of either Plaintiff relating to their employment with KDMC. This agreement excludes Plaintiff Tina Suman's individual retaliation claim alleged in the Second Amended Complaint, as said claim has been resolved by a separate confidential settlement agreement between Tina Suman and KDMC.

    1.2 **"Claims"** shall mean, except as otherwise specified below in Section 4, the claims, demands, causes of action, damages, liquidated damages, interest, costs, and attorneys' fees alleged or demanded in the Second Amended Complaint and Intervening Complaint in this Pending Litigation, and any and all other state, federal, and local statutory and common law claims for earned but unpaid overtime wages, whether at law or in equity, of whatever kind, character, and nature, both known and unknown, disclosed and undisclosed, suspected and unsuspected, excluding only Suman's retaliation claim alleged in the Second Amended Complaint, subject to a separate confidential settlement agreement with KDMC.

2. **Consideration.** Upon this Agreement becoming effective, and in consideration for all the commitments made herein by Plaintiffs, KDMC agrees to pay and otherwise convey to Plaintiffs the following sums in full and final settlement of all claims that have been asserted or that could have been asserted in the Pending Litigation.

2

2.1 **Payment to Plaintiff Tina Suman.** KDMC will pay the aggregate sum of One Hundred and Two Thousand Eight Hundred and Thirty-Eight Dollars and Twenty-Two Cents ($102,838.22) to Plaintiff Tina Suman in the form of checks issued to both her and her counsel under the terms set forth below. This sum excludes the terms of her individual retaliation claim settlement, and is allocated as follows:

    (a) **Unpaid Wage Damages.** Twenty-Eight Thousand Nine Hundred and Nineteen Dollars and Eleven Cents ($28,919.11) for Tina Suman's alleged unpaid wages. This figure represents the sum certain of total unpaid wages allegedly owed to Plaintiff Suman, as calculated by Suman and her counsel.

    (b) **Liquidated Damages.** Twenty-Eight Thousand Nine Hundred and Nineteen Dollars and Eleven Cents ($28,919.11) for Tina Suman's alleged liquidated damages. This figure is an amount equal to the sum certain of total unpaid wages allegedly owed to Plaintiff Suman, as calculated by Suman and her counsel and pursuant to 29 U.S.C. § 216(b).

    (c) **Attorney's Fees, Costs, and Expenses.** Forty-Five Thousand Dollars and Zero Cents ($45,000.00) for Tina Suman's alleged attorneys' fees, costs, and expenses. This amount includes and covers any additional legal services provided by Plaintiffs' counsel relating to preparation of and/or revising, this Agreement and pleadings associated with same.

2.2 **Payment to Plaintiff Jessica Wilson.** KDMC will pay the aggregate sum of Thirty Thousand Nine Hundred and Sixty-Five Dollars and Sixty Cents ($30,965.60) to Plaintiff Jessica Wilson in the form of checks issued to her and counsel under the terms set forth below. This sum is allocated as follows:

    (a) **Unpaid Wage Damages.** Twelve Thousand Nine Hundred and Eighty-Two Dollars and Eighty Cents ($12,982.80) for Jessica Wilson's alleged unpaid wages. This figure represents the sum certain of total unpaid wages allegedly owed to Plaintiff Wilson, as calculated by Wilson and her counsel.

    (b) **Liquidated Damages.** Twelve Thousand Nine Hundred and Eighty-Two Dollars and Eighty Cents ($12,982.80) for Jessica Wilson's alleged liquidated damages. This figure is an amount equal to the sum certain of total unpaid wages allegedly owed to Plaintiff Wilson, as calculated by Wilson and her counsel and pursuant to 29 U.S.C. § 216(b).

    (c) **Attorney's Fees, Costs, and Expenses.** Five Thousand Dollars and Zero Cents ($5,000.00) for Jessica Wilson's alleged attorneys' fees, costs, and expenses. This amount includes and covers any additional legal services provided by Plaintiffs' counsel relating to preparation of and/or revising, this Agreement and pleadings associated with same

2.3 **Payment.** The parties agree that the payment of the aggregate settlement sum shall be paid to Plaintiffs and counsel under the following terms:

(a) **Unpaid Wages.** Amounts paid to Plaintiffs individually for unpaid wages are to be paid in the form of checks with all applicable withholdings for taxes and benefits and reflected on a W-2 forms issued to each Plaintiff. Payments will be made after January 1, 2019 and after the Court approves this Settlement Agreement.

(b) **Liquidated Damages.** Amounts paid to Plaintiffs individually for liquidated damages are to be paid in the form of checks separate to that of the unpaid wage payment, with no withholdings, and reflected in a 1099 form issued to each Plaintiff. These payments will be made after January 1, 2019 and after the Court approves this Settlement Agreement.

(c) **Attorneys' Fees.** KDMC shall issue payments directly to Robert Roark, PLLC as set for above and shall not deduct any taxes or withholdings from the amounts paid for attorneys' fees, costs, and expenses. An IRS Form(s) 1099-Misc shall be issued to Robert Roark PLLC for both amounts of attorneys' fees paid, which shall be paid after January 1, 2019 and after the Court approves this Settlement Agreement. Plaintiffs' counsel shall provide KDMC with an IRS Form W-9 for the purposes of this payment.

2.4 **Notice of Tender.** Once the Court approves the Settlement Agreement and each of the amounts listed above have been fully paid, KDMC shall file with the Court a Notice of Tendered Payment, certifying that Defendant has paid the full amounts agreed upon to each Plaintiff and counsel, under the terms and conditions of this Joint Settlement Agreement.

3. **Court Approval.** This Settlement Agreement shall be subject to and conditioned upon approval by the U.S. District Court for the Eastern District of Kentucky and any appellate court of last resort. Absent such approval, this Settlement Agreement is voidable by any party.

4. **Release of Claims.** In consideration of the payments of the aggregate settlement amounts, Plaintiffs hereby release, acquit, and forever discharge the Released Parties for any and all rights, remedies, claims, demands, causes of action, damages, liquidated damages, interest, costs, and attorneys' fees alleged or demanded in the Second Amended Complaint in this Pending Litigation, and any and all other state, federal, and local statutory and common law claims for earned but unpaid overtime wages, whether at law or in equity, of whatever kind, character, and nature, both known and unknown, disclosed and undisclosed, suspected and unsuspected. This Agreement and release excludes only Plaintiff Tina Suman's individual retaliation claim in the pending action, which has been resolved in a separate confidential settlement agreement between Tina Suman and KDMC.

4.1 **General Release by Plaintiffs.** In addition to the Release of Claims in the above paragraph, Plaintiffs knowingly and voluntarily release and forever discharge the Released Parties of and from any and all claims or causes of action, known or

4

unknown, which they have or may have against the Released Parties based on any event that occurred before the Effective Date of this Agreement, including all claims Plaintiffs have or may have, excluding those contained in the below Section 4.2, based on their employment with KDMC, including but not limited to:

(i) Claims of harassment or discrimination based on race, color, national origin, ancestry, religion, marital status, sex, sexual orientation, citizenship status, pregnancy, medical condition or disability under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Equal Pay Act, the Americans with Disabilities Act, as amended, Sections 503 and 504 of the Rehabilitation Act, Section 1981 of the Civil Rights Act of 1866, the Kentucky Civil Rights Act, the Kentucky Workers' Compensation Act, the Family and Medical Leave Act of 1993, or any other federal, state or local law prohibiting discrimination and harassment in employment or retaliation (excluding Plaintiff Tina Suman's individual retaliation claim, separately resolved, and listed in Section 4.2 of this agreement.);

(ii) Claims of interference or denial of rights or entitlements under the Family Medical Leave Act;

(iii) Claims of age discrimination under the Age Discrimination in Employment Act, as amended by the Older Workers' Benefit Protection Act, or under any other federal, state or local law prohibiting age discrimination;

(iv) Claims of breach of implied or express contract, and claims of misrepresentation, negligence, fraud, estoppel, defamation, infliction of emotional distress, violation of public policy;

(v) Claims of wrongful or constructive discharge, or any other employment-related tort;

(vi) Claims for costs, fees or other expenses, including attorney's fees, except as set forth above;

(vii) Claims under any other federal, state or local law relating to employment, except that (a) neither Plaintiff releases any claim to a vested benefit under any employee pension benefit plan sponsored by KDMC and covered by the Employees Retirement Income Security Act ("ERISA"), and (b) this Agreement shall not be interpreted to affect either Plaintiffs' rights under the terms of any employee welfare benefit plan sponsored by KDMC and covered by ERISA in which she participates as an active employee of KDMC; and

(viii) Any claims that would otherwise entitle Plaintiffs to penalties, fees, recoveries or other damages or any form of relief to them under any other federal, state or local law, including, but not limited to false claims actions or qui tam actions.

5

Notwithstanding the foregoing, the parties agree that this release provision shall not apply to any claims which, as a matter of law, cannot be waived.

**4.2 Excluded Claims.** The above paragraph notwithstanding, the parties agree and acknowledge that Plaintiffs' Release of Claims is exclusive of the individual retaliation claim asserted by Plaintiff Tina Suman in this Pending Litigation, pending before this Court as pled in Plaintiffs' Second Amended Complaint commencing this action. Said claim has been resolved by Tina Suman and KDMC in a separate confidential settlement agreement.

5. **Covenant Not to Sue.**

    5.1 Plaintiffs hereby covenant and agree that they will forever refrain and forebear from commencing, instituting or prosecuting any lawsuit, action or other proceeding, whether at law or in equity, or judicial or administrative, against the Released Parties, based on, arising out of, or connected with any of the claims released in this Agreement.

    5.2 Plaintiffs represent and warrant that they have not filed any charge, complaint, or claim with any other court or administrative agency asserting any violation of state or federal law which was asserted in the claims released in this Agreement, nor have they assigned any such claim to any other person, including any government agency. Plaintiffs agree that they shall never file or assign any such claim, and that in the event any such claim is filed or prosecuted by any other person or entity, including any government agency, the Plaintiffs will cooperate fully with the Released Party, will move immediately to withdraw their names and to disassociate themselves completely from any such claim, will request such person or entity to withdraw such claim with prejudice, will cooperate with such person or entity only to the extent required by law, and will not seek or accept any relief in settlement of, or as a result of, a judgment or order in any action associated with any such claim.

6. **Understanding.**

    **6.1 Review of Agreement and Rules of Construction.** Plaintiffs and KDMC acknowledge and represent that they have read this Agreement in full and, having had an opportunity to consult with counsel, understand and voluntarily consent and agree to each provision contained herein. Plaintiffs, KDMC, and their respective counsel having reviewed this Agreement, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party will not be employed in any interpretation of this Agreement.

    **6.2 Authorization to Move for Approval.** It is further specifically understood and agreed that Plaintiffs have discussed with and consulted Plaintiffs' attorneys about the aforementioned Pending Litigation and this Settlement, and that Plaintiffs' attorneys are specifically authorized and instructed to submit this Agreement for approval by the Court in the Pending Litigation and to take any and all additional steps which may be necessary or appropriate to give effect to this Agreement.

7. **Authority and Competence.** Plaintiffs represent and warrant that they have full and complete authority to enter into this Agreement on behalf of themselves in the Pending Litigation. Plaintiffs understand and agree that all terms of this Agreement are contractual and not a mere recital, and it is executed without reliance upon any representation by the Released Parties or any of their representatives, and they represent and warrant that they consulted with their attorney about this Agreement and that they are competent and possess the full and complete authority to covenant and agree as herein provided; they also understand, agree and represent that the covenants herein made and releases herein executed may affect rights and liabilities of substantial extent and degree and that the covenants and releases provided herein are in their individual and collective best interest, as well as the individual and collective best interest. Plaintiffs have carefully read this Agreement, understand its meaning and acknowledge that it shall be binding upon themselves, as well as their and Plaintiffs' heirs, beneficiaries, personal representatives, successors, assigns, agents, employees, representatives, insurers, attorneys, consultants and all others claiming by or through them.

8. **Assignment.** Plaintiffs hereby represent and warrant that they have not heretofore assigned, transferred or hypothecated or purported to assign, transfer or hypothecate to any person or entity not a party to this Agreement any claim or matter herein released, disclaimed, discharged or terminated. In the event of such assignment, transfer, or hypothecation of any claims or other matter herein released, discharged, terminated, or disclaimed, the Plaintiffs agree to indemnify and hold harmless the Released Parties from and against any liability or loss, and for any cost, expense or judgment or settlement arising out of a revocation by, or arising in connection with any such assignment, transfer or hypothecation. The provisions of this Agreement shall inure to the benefit of and be binding on any successor in interest of the Released Parties, whether by merger, consolidation, legislation, or otherwise.

9. **Taxes.** Plaintiffs each agree that she will be responsible for the payment of any/all taxes owed in connection with payments from KDMC, including payments each Plaintiff receives for liquidated damages as set forth above, and will indemnify and hold Released Parties harmless from any such tax liability. KDMC agrees, that for payments made to each Plaintiff designated for wages, KDMC will withhold all applicable taxes and benefits as part of said payment(s).

10. **Severability.** In the event any provision of this Agreement should be held to be unenforceable, each and all of the other provisions of this Agreement shall remain in full force and effect.

11. **Headings and Captions.** The headings and captions used in this Agreement are for convenience and reference only, and shall in no way define, limit, expand or otherwise affect the meaning or construction of any provisions of this Agreement.

12. **Waiver.** The waiver by any party to this Agreement of a breach of any of the provisions of this Agreement shall not operate or be construed as a waiver of any subsequent or simultaneous breach. Plaintiffs and the Released Parties agree that no release, waiver or other promise set forth in this Agreement shall be construed to prohibit either party from enforcing the terms of this Agreement in a court of competent jurisdiction.

## 12. Entire Agreement.

**12.1 Integration and Amendment.** This Agreement constitutes the final written expression of all the terms of the parties' agreement and is a complete and exclusive statement of those terms. Any prior or contemporaneous oral or written agreement between the parties is superseded by this Agreement. No representation, promise, inducement or statement of intention has been made by the Plaintiffs or the Released Parties that is not embodied in this Agreement. Except as provided herein, no party shall be bound by or liable for any alleged representation, promise, inducement, or statement of intention not contained in this Agreement. This Agreement cannot be amended, modified, or supplemented in any respect except by a subsequent written agreement signed by the Plaintiffs and KDMC. The only exception is Plaintiff Suman's retaliation claim which is subject to a separate confidential settlement agreement between Suman and KDMC.

**12.2 No Reliance on Representations.** Plaintiffs acknowledge that no other promises have been made to them by or on behalf of the Released Parties, other than those expressly set forth in section 4.2, nor has any other consideration been delivered or promised in connection with the execution and delivery of this Settlement Agreement, except those expressly set forth in section 4.2. No act or omission of the Released Parties shall serve to resurrect or restore any claims herein released.

13. **Choice of Law.** This Agreement is made and entered into in the Commonwealth of Kentucky and shall in all respects be interpreted, enforced and governed under the laws of Kentucky. The language of all parts of this Agreement shall in all cases be interpreted as a whole, according to its fair meaning, and not strictly for or against any of the parties.

14. **Notices.** Notices of breach of this Agreement or any other communication concerning the performance of this Agreement shall be set forth in writing and delivered to the following:

    **14.1 For Plaintiffs:** Robert Roark, Tyler Z. Korus, Robert Roark, PLLC, 401 Lewis Hargett Circle, Suite 210, Lexington, Kentucky 40503; and, E. Douglas Richards, E. Douglas Richards P.S.C., 836 Euclid Ave, Suite 321, Lexington, Kentucky 40502.

    **14.2 For KDMC:** Ashley W. Ward, Stites & Harbison, PLLC, 250 West Main Street, Suite 250, Lexington, Kentucky 40507.

15. **No Liens.** Plaintiffs warrant and represent that there are no liens, attorneys' liens, except for their counsel of record in the Pending Litigation, or claims of lien or assignments in law or equity or otherwise on or against the claims or causes of action of the Plaintiffs herein; and further that Plaintiffs are fully entitled to enter into this Agreement and give complete release and discharge for their claims in the Pending Litigation.

16. **Terms Binding.** The terms hereof shall be binding upon, and inure to the benefit of the heirs, beneficiaries, personal representatives, successors, assigns, agents, employees,

representatives, insurers, attorneys, consultants, and all others claiming by or through the respective parties.

*[signature]*

Robert L. Roark, Esq.
Tyler Z. Korus, Esq.
ROBERT ROARK, PLLC
401 Lewis Hargett Circle, Suite 210
Lexington, Kentucky 40503
Telephone: (859) 203-2430
Fax: (859) 523-6351
rob@robertroarklaw.com
tkorus@robertroarklaw.com

E. Douglas Richards, Esq.
E. Douglas Richards, P.S.C.
836 Euclid Avenue, Suite 321
Lexington, Kentucky 40502
Telephone: (859) 259-4983

Counsel for Plaintiffs, Tina Suman and Jessica Wilson

*[signature]*

Ashley W. Ward, Esq.
STITES & HARBISON PLLC
250 West Main Street, Suite 2300
Lexington, KY 40507-1758
Telephone: (859) 226-2300
award@stites.com

Rebecca A. Weis, Esq.
STITES & HARBISON PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202
Telephone: (502) 587-3400
rweis@stites.com

Counsel for Defendant
Ashland Hospital Corporation, d/b/a
King's Daughters Medical Center

9

**PLAINTIFFS**

*Tina Suman* (signature)
Tina Suman
Date: 12-29-18

*Jessica Wilson* (signature)
Jessica Wilson
Date: 12-31-18

**ASHLAND HOSPITAL CORPORATION**
**d/b/a King's Daughters Health System**

By: *Kristie Whittaker* (signature)
Name: Kristie Whittaker
Title: President
Date: 1/3/19

E171:49075:694320:1